UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
JAMEY LYNNE ROBINETTE and
CARL JUNIOR ROBINETTE, II,
        Debtors.                 No. 7-06-10585 SA

**MEMORANDUM OPINION ON WHITE CAP CONSTRUCTION
SUPPLY'S MOTION TO DISMISS CHAPTER 7 CASE**

     This matter is before the Court on the Motion to Dismiss Chapter 7 Case filed by creditor White Cap Construction Supply ("White Cap"). White Cap argues that granting relief to the Debtors under Chapter 7 would be an abuse of the provisions of Chapter 7, so it seeks dismissal pursuant to 11 U.S.C. § 707(b)(2)(A) (presumption of abuse) and/or 11 U.S.C. § 707(b)(3) (totality of circumstances). To resolve this case, the Court must determine the proper Form 22A deduction for taxes (line 25) and for payments on priority claims (line 44). If the presumption of abuse arises, the Court must determine whether Debtors have shown special circumstances under 11 U.S.C. § 707(b)(2)(B) that rebut the presumption of abuse. If Debtors are successful in rebutting the presumption, then the Court must determine if the case should be dismissed under the totality of the circumstances. This is a core proceeding. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

     Based on the discussion below, the Court finds that the presumption of abuse arises and is not rebutted by the Debtors. White Cap's Motion is well taken and will be granted.

**FACTS**

1.  Debtors filed a joint chapter 7 petition on April 17, 2006. They filed the means test form, Official Form 22A, with the petition.

2.  Debtors debts are primarily consumer debts.[1]

3.  The parties stipulated at trial to the following numbers:

| Line | Description | Amount |
|---|---|---|
| 12 | Total Current Monthly Income | 10,801.95 |
| 21 | Local Standards | 12.73 |
| 27 | Other Necessary Expenses: life insurance | 35.58 |
| 29 | Other Necessary Expenses: education | 20.83 |
| 31 | Other Necessary Expenses: health care | 200.50 |
| 32 | Other Necessary Expenses: telecommunication | 122.74 |
| 34 | Health Insurance, Disability Insurance | 456.78 |
| 40 | Continued Charitable Contributions | 6.67 |

4.  The parties disagreed on taxes (line 25) and payments on priority claims (line 44). White Cap also disagrees that any of the circumstances claimed by Debtors qualify as "special circumstances" that would allow them to adjust their income to reflect a one time bonus received during the 6 months before

---

[1] Debtors' petition claims that the debts were primarily business debts, and denied the allegation by White Cap that the debts were primarily consumer. Debtors stipulated at trial that the debts were primarily consumer. See also Stewart v. United States Trustee (In re Stewart), 175 F.3d 796, 808 (10th Cir. 1999)(defining "primarily" in the context of § 707(b) as meaning consumer debt exceeding fifty percent of the total debt).

Page -2-

Case 06-10585-s7    Doc 45    Filed 10/02/07    Entered 10/02/07 13:45:17 Page 2 of 19

filing, or to take deductions for "transportation expenses for child visits," "student loan payment" or "non-mandatory retirement."

5.  Exhibit 30[2], page 2, shows that the Debtors had an average monthly withholding tax of $1,632.02 for the 6 months preceding filing. Mr. Robinette testified that he did not expect a refund for calendar year 2006, but that it would "break even." No other evidence on current tax liabilities was presented.

6.  Debtors listed a federal income tax refund receivable of $12,492.00 and a state income tax refund receivable of $3,470.00 on their Schedule B. Exhibit 3. Both were claimed exempt. Exhibit 3, Schedule C. Mr. Robinette testified that they received these refunds late in 2006 and used the money to live on and pay child support. These large refunds were the result of a $60,263 net operating loss from Mr. Robinette's business, which had since closed. Therefore, this operating loss will not recur. See Exhibit 25.

7.  Exhibit 29, pages 9 and 10, show that Mr. Robinette owed Internal Revenue Service taxes of $7,439.61 (941 taxes for tax period 12/31/2004) and $11,800.41 (941 taxes for tax period 9/30/2004) as of June 19, 2006. This total, $19,240.02, includes interest at 7%, see id., page 5, from the filing date to June 19,

---

[2]The parties stipulated to admission of White Cap's exhibits 1 to 32, and Debtors' exhibits 33 and 34.

2006. Therefore, the Court will subtract $209.36 from the IRS tax liability to find that the amount due on the petition date was $19,030.66.

8. Exhibit 33 shows that the Debtors owed CRS taxes to the state of New Mexico of $33,895.47 principal only. The Debtors did not provide the amount of interest or penalties.

9. Total priority claims are therefore $52,926.31.

10. Ms. Robinette received a one-time bonus of $6,600.00 when she signed up to work at her current job. The Court finds that she has no reasonable alternative to replace this income.

11. The Court finds that $233.33 for transportation expenses for child visits is both reasonable and necessary. The Court also finds that there is no reasonable alternative to avoid this expense.

12. Similarly, the Court finds that $137.83 for educational loan repayment is both reasonable and necessary. The Court also finds that there is no reasonable alternative to avoid this expense because student loans are nondischargeable.

13. In contrast, the Court finds that $180.00 for "non-mandatory retirement" is not a necessary expense. There is also an alternative – Debtors can simply stop the non-mandatory deduction.

14. Debtors' annualized current monthly income is $129,623.40, which is above New Mexico's median income for a family of two ($41,228.00).

15. Based on the above, the Court prepared a Form 22A that is attached to this Memorandum as Exhibit A.

**CONCLUSIONS OF LAW**

**OVERVIEW**

White Cap seeks dismissal under 11 U.S.C. § 707(b), which provides in part:

> **(b)(1)** After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

The Court must presume that abuse exists if Debtors' Current Monthly Income[3] is greater than the median family income of the

---

[3] "Current Monthly Income" is defined at 11 U.S.C. § 101(10A) as:

> **(A)** means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to
(continued...)

Case 06-10585-s7    Doc 45    Filed 10/02/07    Entered 10/02/07 13:45:17 Page 5 of 19

applicable state for a family of the same or fewer individuals and such income, reduced by amounts determined in § 707(b)(2)(A)(ii), (iii) and (iv), and multiplied by 60 is not less than the lesser of (I) 25 percent of the debtors' nonpriority unsecured claims or $6,000 (whichever is greater); or (II) $10,000. 11 U.S.C. § 707(b)(2)(A)(i) and (b)(7)(A). Section 707(b)(2)(A)(ii) allows deductions in the amounts established by the National Standards and Local Standards issued by the Internal Revenue Service for the Debtors' area. For certain categories of expenses, Debtors are also allowed to deduct the actual amount of certain other expenses specified as "Other Necessary Expenses". <u>See</u> <u>id.</u> Section 707(b)(2)(A)(iii) and (iv) allows debtors to deduct the average monthly payment on account of secured and priority unsecured debt respectively.

The calculations required by 11 U.S.C. 707(b)(2) are referred to as "the means test." If a debtor does not "pass" the means test, there is a presumption of abuse. However, the debtor may rebut that presumption by demonstrating "special

---

$^3$(...continued)
whether such income is taxable income, derived during the 6-month period ending on–

**(i)** the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii);

plus other amounts not relevant to this case.

circumstances" that justify additional expenses or an adjustment of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i). Even if debtor "passes" the means test, the Court can consider dismissal under 11 U.S.C. § 707(b)(3).

**DEBTORS' DEDUCTIONS**

Form 22A, line 25, allows a deduction for "the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes." The Court found no cases interpreting this phrase in the chapter 7 context. However, there are numerous cases that construe it for chapter 13 purposes. These cases unanimously agree that 1) the amount withheld is not necessarily the amount "incurred", 2) computation of this number is difficult because actual tax liability is not determined until the future, 3) debtors must make their best guess estimate of the number. See In re Stimac, 366 B.R. 889, 893-94 (Bankr. E.D. Wisc. 2007) (Establishing rough-cut rule that the deduction would be 1/12th of prior tax return's liability unless debtor shows a change in circumstances.); In re Lawson, 361 B.R. 215, 223 (Bankr. D. Utah 2007)(Debtors must make their best efforts to estimate their actually incurred tax expenses.); In re Balcerowski, 353 B.R. 581, 588 (Bankr. E.D. Wisc. 2006)(Court rules that it would leave

it to the parties to determine how to make the best estimate of actual tax expense.)

In the case before the Court, the only evidence of actual tax liability was that, at the current withholding levels, Debtors expected no refund. This was not challenged. In effect, the parties have determined among themselves what the appropriate figure is. Id. Therefore, the Court finds that the amount incurred in this case is the amount actually withheld. Therefore, Debtors line 25 tax deduction is $1,632.02.

The next item on which the parties disagreed was the deduction for priority taxes. Findings 7 through 9 above found that the priority debt was $52,926.31. White Cap argues that, if the IRS and State of New Mexico had offset the tax refunds, the priority debt would have been much smaller, entitling Debtors to a smaller deduction on line 44. The Court finds that it should not compute this offset. The fact is that on the petition date, Debtors owed $52,926.31. Form 22A represents a snapshot of financial condition on the petition date. The taxing authorities did not offset when notified of the bankruptcy; they refunded the money.

Turning now to Exhibit A to this Memorandum, it shows, in summary:

| Line | Description | Amount |
|------|-------------|--------|
| 12 | Total Current Monthly Income | 10,801.95 |
| 33 | Total Expenses Allowed under IRS Standards | -5,041.03 |
| 41 | Total Additional Expense Deductions 707(b) | -463.45 |
| 46 | Total Deductions for Debt Payment | -3,640.28 |
| 47 | Total of all Deductions allowed | -9,144.76 |
| 50 | Monthly Disposable Income under § 707(b)(2) | 1,657.19 |
| 51 | 60-month disposable income | 99,431.40 |
| 52 | Line 51 is more than $10,950, **presumption applies.** | |

Because the presumption applies, the burden now shifts to the Debtors to show that their special circumstances allow them to seek chapter 7 relief.

**SPECIAL CIRCUMSTANCES**

If the presumption of abuse arises, the debtor may attempt to rebut it under 11 U.S.C. § 707(b)(2)(B). That provision states:

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

Page -9-

>    (ii)[4] In order to establish special circumstances, the
>    debtor shall be required to itemize each additional
>    expense or adjustment of income and to provide--
>        (I) documentation for such expense or adjustment
>        to income; and
>        (II) a detailed explanation of the special
>        circumstances that make such expenses or
>        adjustment to income necessary and reasonable.
>    (iii) The debtor shall attest under oath to the
>    accuracy of any information provided to demonstrate
>    that additional expenses or adjustments to income are
>    required.
>    (iv) The presumption of abuse may only be rebutted if
>    the additional expenses or adjustments to income
>    referred to in clause (i) cause the product of the
>    debtor's current monthly income reduced by the amounts
>    determined under clauses (ii), (iii), and (iv) of
>    subparagraph (A) when multiplied by 60 to be less than
>    the lesser of--
>        (I) 25 percent of the debtor's nonpriority
>        unsecured claims, or $6,000, whichever is greater;
>        or
>        (II) $10,000.

The Court finds that the two examples of special circumstances enumerated in the statute are not the only circumstances that debtors may cite, nor even archetypal circumstances. See In re Littman, 370 B.R. 820, 830-31 (Bankr. D. Idaho 2007)("[T]he two examples do not purport to be exclusive. Nor is there something necessarily inherent in these two examples that will always be

---

[4]Section 707(b)(2)(B) has both substantive and procedural requirements. In re Littman, 370 B.R. 820, 830 (Bankr. D. Idaho 2007). In this case, Debtors did not follow the procedural requirements. However, as discussed below, even if they had followed the procedures of § 707(b)(2)(B)(ii) and (iii), they have failed to rebut the presumption of abuse. See also In re Tamez, 2007 WL 2329805 at *6 (Bankr. W.D. Tex. 2007)(Discussing procedural requirements and approaches courts have taken to satisfy the documentation requirements.); Eisen v. Thompson (In re Thompson), 370 B.R. 762, 773 (N.D. Ohio 2007).

Page -10-

present in a BAPCPA-acceptable 'special circumstance.'")(Footnote omitted.)  Nothing in the language of the statute requires that the circumstance be an act outside of a debtor's control.  Id. at 831 and n. 29; In re Graham, 363 B.R. 844, 850 (Bankr. S.D. Ohio 2007); In re Tamez, 2007 WL 2329805 at *5 (Bankr. W.D. Tex. 2007).  Nor must the special circumstance be unanticipated.  In re Armstrong, 2007 WL 1544591 at *3 (Bankr. N.D. Ohio 2007).  The Court should approach the issue of special circumstances on a case-by-case basis.  Littman, 370 B.R. at 831.

Ms. Robinette's first special circumstance is her $6,600 job bonus.  As discussed above, factually the Court found that this one-time bonus justified an adjustment of current monthly income for which there is no reasonable alternative.  See Tamez, 2007 WL 2329805 at *5 (finding job change a special circumstance); In re Heath, 2007 WL 1982194 at *7 (Bankr. E.D. Mich. 2007)(finding unemployment of debtor a special circumstance).  Cf. In re Ferando, Case No. BK-06-81855, slip op. at 2 (Bankr. D. Neb., filed March 1, 2007)(Simple fluctuations in income are not special circumstances, but "[t]his is not a situation where Debtor claims that there was a one-time large and unique commission earned during the six-month period.")

The next special circumstance is the travel for child visitation.  The Court above found that it was a reasonable and necessary expense for which there was no alternative.  It should

Page -11-

be allowed as a deduction from disposable income. Compare Armstrong, 2007 WL 1544591 at *4 (Having to maintain 2 separate residences to preserve status as custodial parent counted as a special circumstance.)

The next special circumstance claimed is for student loan expenses. The Court agrees with the cases that have found these expenses to be special circumstances, because there is no reasonable alternative to making the payments. See In re Haman, 366 B.R. 307, 318 (Bankr. D. Del. 2007); In re Templeton, 365 B.R. 213, 216 (Bankr. W.D. Okla. 2007).

The final special circumstance claimed is the non-mandatory retirement contribution. The Court does not find this to be reasonable or necessary, and Debtors have an alternative to the expense. Therefore, the Court finds that it is not a special circumstance.

To rebut the presumption, Debtors must show that the additional expenses and reduction in income, when added together and multiplied by sixty and subtracted from $99,431.40 is less than $10,000. See 11 U.S.C. § 707(b)(2)(B)(iv)(II). It is not.

| Line 51 | | | 99,431.40 |
|---|---|---|---|
| Monthly reduction in income | 1,100.00 | | |
| Child visitation | 233.33 | | |
| Student loan payments | 137.83 | | |
| Total reductions | 1471.16 | x 60 = | -88,269.60 |

Case 06-10585-s7    Doc 45    Filed 10/02/07    Entered 10/02/07 13:45:17 Page 12 of 19

| 60 month disposable income adjusted for special circumstances | 11,161.80 |
|---|---|

Therefore, the Debtors have not rebutted the presumption of abuse. White Cap's Motion is well taken and will be granted by separate Order, but Debtors will be allowed a short time in which to convert to Chapter 13[5] or 11.

                                            /s/ James S. Starzynski

                                        Honorable James S. Starzynski
                                        United States Bankruptcy Judge

copies to:

Daniel J Behles
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Linda S. Bloom
Trustee
PO Box 218
Albuquerque, NM 87103-0218

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

---

    [5] A chapter 13 case would provide the Debtors with the satisfaction of repaying part of their unsecured debt, and permit them to pay off their considerable tax debt without interest or penalties, see §1322(a)(2), something they cannot do in a chapter 7 case. See also United States v. Fowler (In re Fowler), 394 F.3d 1208, 1212 (9th Cir. 2005)(In chapter 13, IRS cannot recover interest on prepetition unsecured priority tax claims.)

Case 06-10585-s7   Doc 45   Filed 10/02/07   Entered 10/02/07 13:45:17 Page 13 of 19

Official Form 22A (Chapter 7) (04/07)

In re **ROBINETTE**
Debtor(s)

Case Number: **06-10585**
(If known)

According to the calculations required by this statement:
☒ **The presumption arises.**
☐ **The presumption does not arise.**
(Check the box as directed in Parts I, III, and VI of this statement.)

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

## Part I. EXCLUSION FOR DISABLED VETERANS

| | |
|---|---|
| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ **Married, not filing jointly, with declaration of separate households.** By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ **Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br>d. ☐ **Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $6527.39 | $4274.56 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the business expenses entered Line b as a deduction in Part V.**<br>a. Gross receipts $<br>b. Ordinary and necessary business expenses $<br>c. Business income — Subtract Line b from Line a | $ 0 | $ 0 |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts $<br>b. Ordinary and necessary operating expenses $<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0 | $ 0 |
| 6 | **Interest, dividends and royalties.** | $ 0 | $ 0 |
| 7 | **Pension and retirement income.** | $ 0 | $ 0 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include amounts paid by the debtor's spouse if Column B is completed. | $ 0 | $ 0 |

EXHIBIT "A" TO MEMORANDUM OPINION

| | | | |
|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $ _____  Spouse $ _____ | $ 0 | $ 0 |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. <br> a. _____ $ ____ <br> b. _____ $ ____ <br> Total and enter on Line 10 | $ 0 | $ 0 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 6527.39 | $ 4274.56 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 10,801.95 | |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $129623.40 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence: __NM__   b. Enter debtor's household size: __2__ | $ 41228.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br><br> ☒ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $ 10801.95 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ 0 |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ 10801.95 |

### Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 1306.00 |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ 300.00 |

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 823.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 2077.28 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 0 |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | $ 12.73 |
| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0　☐ 1　☒ 2 or more. Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 420.00 |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1　☐ 2 or more. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |
| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ 471.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ 346.15 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 124.85 |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | |
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ 332.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ 66.22 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 265.78 |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | | 1632.02 |
| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | | | $ 0 |

| | | |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 35.58 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ 600.00 |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 20.83 |
| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0 |
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ 200.50 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service—such as cell phones, pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ 122.74 |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ 5041.03 |

| | Subpart B: Additional Expense Deductions under § 707(b) Note: Do not include any expenses that you have listed in Lines 19-32 | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. <br> a. Health Insurance — $ 248.00 <br> b. Disability Insurance — $ 208.78 <br> c. Health Savings Account — $ 0 <br> Total: Add Lines a, b and c | $ 456.78 |
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ 0 |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0 |
| 37 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ 0 |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0 |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ 0 |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 6.67 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ 463.45 |

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | | |
| | | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
| | a. | PER | DEBTORS' FORM | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | Total: Add Lines a, b and c. | $2758.17 |
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | |
| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
| | a. | | | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | Total: Add Lines a, b and c | $ 0 |
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | | | $ 882.11 |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
| | a. | Projected average monthly Chapter 13 plan payment. | | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | x |
| | c. | Average monthly administrative expense of Chapter 13 case | | Total: Multiply Lines a and b    $ 0 |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | | | $ 3640.28 |
| | Subpart D: Total Deductions Allowed under § 707(b)(2) | | | |
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | | | $9144.76 |

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $10801.95 |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ 9144.76 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ 1657.19 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $99431.40 |

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than $6,575** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☒ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |
| 53 | **Enter the amount of your total non-priority unsecured debt** — $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. — $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

### Part VII: ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

### Part VIII: VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: _____  Signature: _____<br>                                                                         (Debtor)<br><br>Date: _____  Signature: _____<br>                                                                 (Joint Debtor, if any) |